PRATHER, Presiding Justice,
concurring:
I concur in the results reached in the Court’s order, but I disagree with the Court’s statement that the City’s response to Appellant’s Petition for Rehearing “may be subject to frivolousness.” My reasons are the following:
On June 23, 1994, this Court unanimously approved this annexation ease. The City was responsible for providing services to the newly annexed area and services cost money. The City acquires its money from the assessment of taxes, and the tax year begins on July 1, of each year. When the appellants filed their petition for rehearing of this Court’s unanimous opinion on June 30, 1994, this filing delayed the Court’s mandate issuance until after the July 1st deadline, the cutoff date for assessing ad valorem taxed in the newly annexed area. The effect of new filing *926 cost the City one year’s taxes in the newly annexed area while providing services as required by law.
For this reason, the City filed a Rule 41 motion and a Rule 38 motion. The Rule 41 motion requested this Court to order the effective date of its mandate nunc pro tunc to June 23, 1994, to allow the City to collect 1994-1995 taxes to offset cost for services provided. There is nothing frivolous about this motion. A legitimate question was raised about the City’s obligation in providing services and making tax collections to recoup costs of those services.
Neither is the Rule 41 motion frivolous, as the Appellant’s petition for rehearing asserted no miscomprehension of fact or law by this Court. This is evidenced by the fact that this Court denied the petition for rehearing on December 1, 1994.
In sum, my position is that the City and its attorney raised relevant and pertinent issues and the pleadings were responsive to the legitimate concerns of their client. I disagree that the City’s responses “may” be frivolous, but concur to the dismissal of all motions pending.
SMITH, J., joins this opinion.